IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-CV-00007-RLV
(5:99-CR-00012-RLV-6)

| | | |
|---|---|---|
| FLOYD JUNIOR POWELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on an initial review of what Petitioner has labeled as a Rule 59(e) or Rule 60(b)(6) motion under the Federal Rules of Civil Procedure. For the reasons that follow, the Court finds that the present challenges Petitioner raises to his criminal judgment must proceed by way of a motion to vacate, set aside or correct sentence under the provisions of 28 U.S.C. § 2255. For the reasons that follow, the Court finds that the present civil action is in fact an unauthorized successive § 2255 motion and it will be dismissed.

## I.  BACKGROUND

On March 7, 2001, Petitioner was convicted of one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (Count One); and one count of possession with intent to distribute cocaine base, and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2 (Count Seven). Petitioner was sentenced to concurrent terms of 240-months' imprisonment on Counts One and Seven. (5:99-CR-00012, Doc. No. 296). Petitioner filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit and his conviction and sentence were affirmed. United States v. Powell, 38 F.

1

App'x 140 (4th Cir. filed Mar. 28, 2002) (unpublished), cert. denied, 536 U.S. 912 (2002).

On November 4, 2002, Petitioner filed a Section 2255 motion which was denied and dismissed on December 1, 2004. (5:02-CV-000138-RLV). The Fourth Circuit dismissed Petitioner's appeal from this Order. United States v. Powell, 175 F. App'x 637 (unpublished).

On February 7, 2005, Petitioner filed a second motion under Section 2255 that the Court dismissed as an unauthorized, successive petition. (5:05-CV-00014-RLV). Petitioner did not appeal.

On February 11, 2013, Petitioner filed another motion seeking relief from his criminal judgment which the Court dismissed after finding that the civil action was an unauthorized, successive § 2255 motion. (5:13-CV-00030, Doc. No. 2). Petitioner appealed and on July 18, 2013, the Fourth Circuit entered an order denying Petitioner a certificate of appealability and dismissed his appeal. United States v. Powell, No. 13-6465, 2013 U.S. App. LEXIS 14585 (4th Cir. 2013) (unpublished). The Fourth Circuit's mandate issued on September 9, 2013. (Doc. No. 11).

## II. DISCUSSION

On December 27, 2013, Petitioner filed the present pleading in which he challenges the legality of his 240-month sentence and judgment, on various grounds, including a challenge to certain findings by the Court during his sentencing hearing, and an argument as to whether his sentence is unconstitutional based on Supreme Court precedent filed after his judgment became final.

The relief Petitioner is seeking is relief that must be pursued through a § 2255 motion. Petitioner's effort to secure this relief through a "Rule 59(e) and Rule 60(b) motion" and not

specifically under the heading of a § 2255 motion must fail. The district courts are instructed to "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (citing United States v. Emmanuel, 288 F.3d 644, 647 (4th Cir. 2002)).

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

This is now the fourth § 2255 motion that Petitioner has filed in an effort to attack his criminal judgment. However, Petitioner has provided no evidence that he has secured the necessary authorization from the Fourth Circuit to proceed with a successive Section 2255 motion. Accordingly, this Court is without jurisdiction to consider the merits of the present § 2255 motion. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); United States v. Winestock, 340 F.3d 200 at 205.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's Section 2255 Motion be **DISMISSED** as successive. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not

made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: January 24, 2014

Richard L. Voorhees
United States District Judge