IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-CV-00094-RLV
(5:99-CR-00012-RLV-6)

| | |
|---|---|
| FLOYD JUNIOR POWELL, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's "Petition/Motion for Deposition under Rules 30(b)(6) of Civil Procedure . . ." After examining the claims for relief, the Court finds that the "Petition/Motion" is properly considered as a motion for relief under 28 U.S.C. § 2255, and for the reasons that follow, the § 2255 motion will be dismissed as successive.

On March 7, 2001, Petitioner was convicted on one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (Count One); and one count of possession with intent to distribute cocaine base, and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2 (Count Seven). Petitioner was sentenced to concurrent terms of 240-months' imprisonment. (5:99-CR-00012, Doc. No. 296). Petitioner filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit and his conviction and sentence were affirmed. United States v. Powell, 38 F. App'x 140 (4th Cir.) (unpublished), cert. denied, 536 U.S. 912 (2002).

Petitioner later filed a § 2255 motion on November 2, 2002, and the Court dismissed the

1

motion on the merits and this disposition was affirmed on appeal by the Fourth Circuit. United States v. Powell, No. 5:02-CV-00138-RLV (W.D.N.C. Dec. 2, 2004), dismissed, 175 F. App'x 637 (4th Cir. 2006) (unpublished). Petitioner later filed other § 2255 motions and these were each dismissed as successive. See (Civil Case Nos. 5:05-cv-00014-RLV, 5:12-cv-108-RJC, 5:13-cv-30-RLV, 5:14-cv-94-RLV, and 5:14-cv-00007-RLV).

On June 10, 2014, Petitioner filed the present pleading in which he challenges the legality of his criminal judgment, on various grounds, including a challenge to certain findings by the Court during his sentencing hearing, and he questions whether his sentence is unconstitutional based on Supreme Court precedent that was handed down after his judgment became final.

The relief Petitioner is seeking is relief that must be pursued through a § 2255 motion. Petitioner's effort to secure this relief through a "Petition/Motion for Deposition under Rules 30(b)(6) . . ." must fail. The district courts are instructed to "classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (citing United States v. Emmanuel, 288 F.3d 644, 647 (4th Cir. 2002), overruling on other grounds recognized by, United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008)).

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has provided no evidence that he has secured the necessary authorization from the Fourth Circuit to proceed with a successive Section 2255 motion. Accordingly, this Court is without jurisdiction to consider the merits, if any, of the present § 2255 motion. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); United States v. Winestock, 340 F.3d 200 at 205. For the foregoing reasons, Petitioner's Section 2255 motion will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion is **DISMISSED** without prejudice. (Doc. No. 1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (stating that in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: June 18, 2014

*[signature]*

Richard L. Voorhees
United States District Judge