IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15-CV-00092-RLV
(5:99-CR-00012-RLV-6)

FLOYD JUNIOR POWELL,  )
                      )
       Petitioner,    )
                      )
       v.             )
                      )  **ORDER**
UNITED STATES OF AMERICA,  )
                      )
       Respondent.    )
                      )

**THIS MATTER** is before the Court on an initial review of Petitioner's *pro se* petition for collateral relief which he filed pursuant to 28 U.S.C. § 2255.

## I.    BACKGROUND

On November 12, 1999, Petitioner was convicted in this District following a jury trial on one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846 (Count One); and one count of possession with intent to distribute cocaine base, and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) & 18 U.S.C. § 2 (Count Seven). Petitioner was sentenced to concurrent terms of 240-months' imprisonment. (5:99-CR-00012, Doc. No. 296). Petitioner filed a notice of appeal to the United States Court of Appeals for the Fourth Circuit and his conviction and sentence were affirmed. United States v. Powell, 38 F. App'x 140 (4th Cir.) (unpublished), cert. denied, 536 U.S. 912 (2002).

On November 4, 2002, Petitioner filed a § 2255 motion, which was dismissed on the merits and this disposition was affirmed on appeal. United States v. Powell, No. 5:02-CV-00138-RLV (W.D.N.C. Dec. 2, 2004), dismissed, 175 F. App'x 637 (4th Cir. 2006) (unpublished).

Petitioner later filed several other motions for relief from his judgment in this District and each motion was dismissed as an unauthorized, successive § 2255 motion. See (Civil Case Nos. 5:05-CV-00014-RLV, 5:12-CV-108-RJC, 5:13-CV-30-RLV, 5:14-CV-94-RLV; 5:14-CV-00007-RLV; 5:14-CV-00094).

On July 14, 2015, the Clerk docketed the present § 2255 motion in which Petitioner argues that his constitutional rights were violated during his criminal prosecution by, among other things, being tried by a jury composed exclusively of white people, prosecutorial misconduct, ineffective assistance of counsel, and he suffered a general miscarriage of justice. As noted, Petitioner has repeatedly filed § 2255 motions for collateral relief and he has raised claims which are similar, if not identical, to the claims he raises in his present motion.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

As this Court has explained in previous dismissals, "[a] second or successive motion [under Section 2255] must be certified as provided in Section 2244 by a panel of the appropriate court of appeals to contain—

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Petitioner has failed to present evidence that he has obtained the necessary authorization from the Fourth Circuit to proceed with another collateral attack on his criminal judgment. The Court is therefore without jurisdiction to consider the merits, if any, in this latest collateral proceeding. See In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997); United States v. Winestock, 340 F.3d 203, 205 (2003). For the foregoing reasons, Petitioner's motion will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion is **DISMISSED as successive**. (Doc. No. 1).

**IT IS FURTHER ORDERED** that Petitioner's motion for leave to amend charge and for disposition is **DENIED**. (Doc. No. 2).

The Clerk is respectfully directed to close this case.

**IT IS SO ORDERED.**

Signed: August 10, 2015

Richard L. Voorhees
United States District Judge